UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 05 CR 980 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| Linelle Thompson, Michael Servant, ) | |
| Willie Earl Johnson, April Hartline, Ismael ) | |
| Garza ) | |

MEMORANDUM AND ORDER

This case involves eighteen defendants charged with various drug and drug-related crimes. Four of the defendants, Linelle Thompson, Michael Servant, Willie Earl Johnson, and April Hartline, have filed numerous pre-trial motions, and have each adopted the motions filed by the others. In addition, Thompson and co-defendant Ismael Garza have filed individual motions: Thompson's motion seeks a bill of particulars, while Garza's motion seeks dismissal of one of the counts against him. The court has reviewed the defendants' motions, the government's responses, and rules as follows.

ANALYSIS

I.  Motions Common To Defendants Thompson, Servant, Johnson and Hartline

*Motion for Production of Favorable and Impeaching Evidence*
*[145-1], [146-1], [153-1], [155-1], [171-1], [161-1]*

The defendants have moved for disclosure of all favorable evidence including any exculpatory and impeaching information. In response, the government has acknowledged its continuing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), to disclose information that may be exculpatory or impeaching and has committed to producing that evidence. Based upon the government's commitment to fully

discharge its obligations under *Brady/Giglio* and produce the documents to which the defendants are entitled, the defendants' motions are denied as moot. *See United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) ("the government's promise to comply with the dictates of *Brady* renders [the defendant's] motion moot").

*Motion for Notice of Intention to Use Rule 404(b) & Rule 608(b) Evidence [147-1], [158-1], [159-1], [163-1], [168-1]*

The defendants seek notice of the government's intention to use other crimes, wrongs, or acts evidence. Federal Rule of Evidence 404(b) prohibits the use of evidence of other crimes, wrongs or acts to prove character, although it can be used for other relevant reasons such as proof of motive, opportunity, preparation, or identity. *See United States v. Smith*, 103 F.3d 600, 602 (7th Cir. 1996). However, before using 404(b) evidence, the government must first provide the defendant with reasonable advance notice. *See* Fed. R. Evid. 404(b).

The government has acknowledged its responsibility under Fed. R. Evid. 404(b). However, the parties disagree over the date by which the government should make its disclosure—the government commits to disclosing the information two weeks before trial, while the defendants want it immediately. The rule requires only reasonable notice. The court believes that requiring the government to disclose the information 30 days before trial is reasonable and affords the defendants sufficient notice. Accordingly, the defendants' request that the government provide 404(b) disclosures is granted except that the government is ordered to provide the requested information 30 days before trial rather than immediately.

As for the defendants' request for evidence of "specific instances of conduct" of witnesses, which may be used only for impeachment under Rule 608(b), the government is not

required to disclose such information. *See United States v. Hartmann*, 958 F.2d 774, 789 n.5 (7th Cir. 1992).

*Motion for Preservation of Law Enforcement Notes & Production of Witness Statements [152-1], [165-1], [ 174-1]*

The defendants have moved for the preservation of notes prepared by investigators in the course of interviewing prospective witnesses. The government agrees that investigators' notes should be preserved, and therefore these requests are moot.

Additionally, defendant Johnson has requested the production of witness statements in the government's possession, purportedly under the Jencks Act. *See* 18 U.S.C. § 3500. In fact, under the Jencks Act the government is not required to produce such information before trial. *See United States v. Balogun*, 971 F. Supp. 1215, 1233 (N.D. Ill. 1997) (district court lacks authority to order pretrial disclosure of Jencks Act material). Accordingly, (1) the motions for the preservation of law enforcement notes are denied as moot, and (2) the motion for the production of witness statements is denied.

*Motion for Production of Grand Jury Testimony [154-1]*

The defendants have moved under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) and Rule 16(a)(3) for the production of grand jury testimony. The government has agreed to produce the grand jury testimony of witnesses who will appear at trial, but the defendants want the testimony of *every* grand jury witness.

Grand jury testimony is secret, and may be disclosed only to those persons (including criminal defendants) who can show a "particularized need." Fed. R. Crim. P. 6(e)(2); *Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979). In order to establish a particularized need

entitling a person to pierce the veil of secrecy shrouding grand jury proceedings, that person must establish that: (1) the materials sought are needed to avoid a possible miscarriage of justice; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only those materials that are absolutely necessary to avoid an injustice. *Id.* at 222.

The defendants have not even attempted to describe a particularized need for the grand jury testimony. Accordingly, the request is denied.

*Motion for Santiago Statement*
*[164-1], [172-1], [192-1]*

The defendants have moved for an order requiring the government to produce statements made by her alleged coconspirators. The government has agreed to produce a written *Santiago* proffer 30 days before trial. The court believes that this case is not so complicated that the defendants need the *Santiago* proffer any earlier than 30 days before trial. Therefore, the defendants' motions are denied as moot.

*Motion for Disclosure of Trial Evidence*
*[170-1]*

Defendant Johnson moves for an order that the government "immediately disclose each and every item of evidence it intends to introduce in its case-in-chief." The government is under no obligation to identify the evidence it intends to use at trial, so that motion is denied. *See United States v. Balogun*, 971 F. Supp. 1215, 1236 (N.D. Ill. 1997) (a defendant "is not entitled to know all the evidence the government intends to produce") (internal quotation and citation omitted).

*Motion for Reasonable Notice of Intent to Introduce Expert Testimony*
*[156-1], [170-1]*

The government has committed to provide reasonable notice of its intent to use expert testimony. The defendants' motions are therefore denied as moot.

*Early Return of Trial Subpoenas*

*[148-1], [173-1]*

The defendants' motions for the early return of trial subpoenas were previously granted.

*Motion for Leave to File Additional Pre-Trial Motions*
*[157-1]*

Finally, the defendants' motions to file additional pre-trial motions were previously granted. However, the schedule the court imposed for filing pre-trial motions has now passed. Should any defendant wish to file any additional pre-trial motions, he or she should file a motion for leave explaining why the proposed additional pre-trial motions could not have been timely filed.

## II.     Individual Motions of Thompson and Garza

*Thompson's Motion for a Bill of Particulars*
*[191-1]*

Defendant Thompson requests a bill of particulars because, he contends, the indictment lacks a "plain, concise and definite written statement of the essential facts constituting the offense charged." The indictment charges Thompson with two counts. In Count One, Thompson is charged with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, as well as 500 grams or more of substances containing cocaine and heroin. *See* 18 U.S.C. § 2, 21 U.S.C. § 846. Count Sixteen charges Thompson with use of a communications

facility (a telephone) in committing and facilitating the commission of the conspiracy charged in Count One.  *See* 21 U.S.C. § 843(b).

The critical information that Thompson contends is missing from his indictment is the type and quantity of drug that is the subject of the offense charged in Count One.  He argues that he needs the information because it will affect his sentence if convicted.

The court may order a bill of particulars when the defendant needs more information than what is contained in the indictment in order to:  (1) enable him to prepare a defense; (2) avoid unfair surprise at trial; and (3) preclude a second prosecution for the same offense.  *See United States v. Fassnacht*, 332 F.3d 440, 446-47 (7th Cir. 2003); *United States v. Caputo*, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003).  Additional information is necessary only if the indictment fails to set forth the elements of the charged offense.  *Fassnacht*, 332 F.3d at 447; *Caputo*, 288 F. Supp. 2d at 925.  In determining whether the indictment sufficiently sets forth the elements of the offense, relevant factors include:  (1) the complexity of the charged offense; (2) the clarity of the indictment; and (3) the degree of discovery available in the absence of a bill of particulars.  *Caputo*, 288 F. Supp. 2d at 925**.**

However, if the information sought is available through some other means, a bill of particulars is unnecessary.  *See United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991) ("[I]t is proper to look to post-indictment discovery when considering whether a bill of particulars is required.")  According to the government, it has already supplied to Thompson the details he seeks.  Specifically, the government contends that the requested information can be found in a recording of a telephone call between Thompson and co-defendant Hartline which has been

provided to Thompson. Additionally, the government notes that the requested information can be found in paragraph 40 of the affidavit filed in support of the criminal complaint in this case.

This information adequately apprises Thompson of the charges he faces, and therefore the motion for a bill of particulars is denied.

*Garza's Motion to Dismiss Count One of the Indictment*
*[188-1]*

Like Thompson, defendant Garza is charged with, among other things, conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, as well as 500 grams or more of substances containing cocaine and heroin, ("Count One"). *See* 18 U.S.C. § 2, 21 U.S.C. § 846. He moves for dismissal of Count One because, he contends, the indictment lacks any allegation that he conspired with others.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." The Seventh Circuit has held that an indictment meets the requirements of Rule 7(c)(1) if it: (1) contains the elements of the offense charged; (2) fairly informs the defendants of the nature of the charge against him; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. *See United States v. Moore*, 446 F.3d 671, 676-77 (7th Cir. 2006). Specifically, an indictment for conspiracy under 21 U.S.C. § 846 is sufficient if it alleges: (1) a conspiracy to distribute drugs; (2) the time during which the conspiracy operated; and (3) the statute allegedly violated. *See United States v. Spears*, 965 F.2d 262, 279 (7th Cir. 1992).

After reviewing the allegations of the indictment, the court concludes that it sufficiently alleges a charge of conspiracy against Garza. According to Count One, the defendant and the

other named defendants conspired with each other from August 2003 through December 7, 2005, to possess with the intent to distribute, and to distribute 50 or more grams of crack, and 500 or more grams of cocaine and heroin. Count One specifically alleges that the defendants' conduct violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 846. No further details was required of the indictment.

Nevertheless, Garza contends that the only conduct in which the indictment alleges that he engaged was the purchase of drugs from co-defendant Craig Venson and subsequent resale to others. In the absence of specific allegations of conduct evidencing Garza's participation in a conspiracy—such as delivering drugs, splitting profits, or eliminating competing drug dealers—Garza argues that the government can prove nothing more than a buyer-seller agreement between himself and Venson. *See United States v. Thomas*, 284 F.3d 746, 752 (7th Cir. 2002) (an agreement between a buyer and seller to purchase drugs cannot also be the agreement that forms a conspiracy); *United States v. Lechuga*, 994 F.2d 346, 347 (7th Cir. 1993) (evidence that a buyer merely bought large quantities of drugs would not establish a conspiracy).

Garza's argument is premature. They address what evidence the government must produce at trial to convict Garza, not what the indictment must allege. As discussed above, the indictment sufficiently apprises Garza of the charges he faces, and therefore his motion to dismiss Count One is denied.

## CONCLUSION

Accordingly, the court denies motions [145-1], [146-1],[152-1], [153-1], [154-1], [155-1], [156-1],[161-1],[164-1], [165-1],[170-1], [171-1], [172-1],[174-1], [188-1], [191-1], and [192-1]. Motions [147-1], [158-1], [159-1], [163-1], [168-1] are granted in part and denied in part as follows: the government is ordered to provide the requested 404(b) disclosures 30 days before trial rather than immediately; the defendants' request for 608(b) disclosures are denied. Motions [148-1], [157-1] and [173-1] were previously granted.

ENTER:

DATE: September 28, 2006

_____
Blanche M. Manning
United States District Judge